Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| HERIBERTO MADERA GONZÁLEZ<br><br>Recurrido<br><br><br>V.<br><br><br>FERDINAND MERCADO BORRERO Y OTROS<br><br>Peticionario | KLCE202301326 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br><br>Caso Núm.:<br>PO2022CV02917<br><br>Sobre:<br>Violación de Derechos Civiles, Daños |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de febrero de 2024.

-I-

Comparece el Estado Libre Asociado de Puerto Rico en representación del oficial de custodia Ferdinand Mercado Borrero en su carácter personal (oficial Mercado Borrero o peticionario) por conducto de la Oficina del Procurador General de Puerto Rico, mediante el recurso de epígrafe. En el mismo se nos solicita que revoquemos una *Resolución* emitida el 16 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), en la que se declaró No Ha Lugar una moción de desestimación promovida por el Estado en cuanto al oficial Mercado Borrero en su carácter personal como parte del trámite una *Demanda* que entabló el señor Heriberto Madera González (señor Madera González o recurrido).[1]

El 30 de noviembre de 2023, emitimos una *Resolución* en la que le concedimos al señor Madera González un plazo de diez (10)

---

[1] Apéndice de Petición de *Certiorari*, Anejo XII, págs. 54-55. Archivada y notificada en autos el 20 de octubre de 2023. El 24 de octubre de 2023, el Estado solicitó reconsideración, la cual el TPI declaró No Ha Lugar mediante *Resolución* emitida el 25 de octubre de 2023, archivada y notificada el 27 de octubre de 2023.

días para expresarse en torno a los méritos del recurso. En atención a una Moción Informativa presentada por la Oficina del Procurador General el 9 de enero de 2024 en la que informó a este Tribunal que la notificación del recurso al recurrido se había demorado pues este había sido reubicado en otra institución penal, el 12 de enero de 2024 emitimos Resolución en la que concedimos un nuevo término al señor Madera González para que se expresara sobre los méritos del recurso. El 31 de enero de 2024 el recurrido compareció mediante un escrito que denominó Moción Informativa. En el mismo formuló alegaciones adicionales contra otros funcionarios del DCR y solicitó que se le asignara representación legal, o en su defecto, la celebración de una vista.

Como cuestión de umbral, conforme a lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), considerada la naturaleza de los asuntos ante nuestra consideración, y en aras de promover el más justo y eficiente despacho del asunto ante nos, denegamos la solicitud instada por el recurrido. De otra parte, y por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari y* revocamos la determinación recurrida.

-II-

La controversia ante nuestra consideración dimanó el 17 de diciembre de 2021 cuando el señor Madera González, miembro de la población correccional de la Institución Facilidad Médica Ponce 500, incoó una *Demanda* por derecho propio y de forma *pauperis*, sobre daños y perjuicios y violación de derechos civiles contra el oficial Mercado Borrero y el Departamento de Corrección y Rehabilitación (DCR).[2] Arguyó que el oficial Mercado Borrero tiene una persecución

---

[2] *Íd.*, Anejo I. págs. 1-17. El Estado aclaró que el 17 de diciembre de 2021 corresponde a la fecha presentación de la *Demanda* ante la Secretaría del TPI y que transcurrió un (1) año en trámites administrativos en el tribunal para que fuese colocada en el Sistema Unificado de Manejo de Casos (SUMAC).

en su contra y que en múltiples e infructuosas ocasiones solicitó ayuda al DCR. Sostuvo que el 25 de agosto de 2021, mientras laboraba en la cocina de la institución correccional, un confinado que estaba pintando, le peticionó lavar una brocha y llevarse un vaso con el sobrante de pintura. Indicó que, frente a la puerta de su módulo, el aquí peticionario le preguntó sobre el contenido del vaso y el recurrido le relató su versión de los hechos y le entregó la pintura. Precisó que, por tres (3) días, el oficial Mercado Borrero no lo sacó de su módulo para trabajar y que, al preguntarle la razón, burlándose, le comentó que todo estaba bien. A los pocos días, recibió una querella, acto que le afectó emocionalmente.

De igual forma, alegó que el 29 de agosto de 2021, mientras estaba en su celda preparándose para el culto, el oficial Mercado Borrero junto con los oficiales Santiago y Rosado y algunos confinados que trabajaban en la cocina, lo sacaron al pasillo, lo rodearon y los tres (3) oficiales le hablaron de forma hostil e intimidante, causándole pánico y un estado nervioso. Relató que cuando le solicitó información de la placa al oficial Rosado, este se negó y le profirió "que se fuera para el carajo". Manifestó que se comunicó con el sargento Narváez para que se le buscara ayuda con la Policía de Puerto Rico y con los servicios médicos dado que la situación le causó daños emocionales y este le indicó que dialogaría con el comandante de turno. Alegó que, instantes después, varios oficiales con macanas y gas lo encerraron en una celda, sin motivo alguno. Precisó que les suplicó a los oficiales que no le violaran sus derechos como confinado y estos respondían riéndose. Expuso que estuvo en estas condiciones por varios días, sin atención ni oportunidad de bañarse. Planteó que el mal manejo de la situación por parte del DCR y las intimidaciones le causaron un daño irreparable, daños psicológicos y emocionales, no ha podido dormir, tiene la escena en su mente, se le ha afectado su diario vivir, no es la

misma persona por los miedos y no ha podido relacionarse con otras personas, por lo que reclamó veinticinco mil dólares ($25,000.00). Solicitó la designación de un abogado de oficio, el diligenciamiento de los emplazamientos y que se le eximiera del pago de aranceles. Aseveró que agotó los remedios administrativos a su alcance.

El recurrido acompañó la *Demanda* con una *Resolución* del DCR, de la cual se desprende que, el 25 de agosto de 2021, el oficial Mercado Borrero le radicó una querella por apropiación ilegal y abuso y mal uso de privilegio.[3] Tras una vista disciplinaria celebrada el 14 de octubre de 2021, la Oficial Examinador de Vistas Disciplinarias determinó que, a tenor con los Códigos 127 y 222 del *Reglamento para establecer el procedimiento disciplinario de la población correccional*, Reglamento Núm. 9221 de 8 de octubre de 2020, el señor Madera González no cometió el acto prohibido.

Tras varios trámites procesales, el 23 de febrero de 2023, el Estado, en representación del DCR y del oficial Mercado Borrero, radicó una *Moción solicitando desestimación* por dejar de exponer una reclamación que justifique la concesión de un remedio al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.[4] Primero, explicó que el caso de marras estaba prescrito dado que se emplazó al ELA el 4 de noviembre de 2022 cuando los eventos alegadamente ocurrieron el 25 y 29 de agosto de 2021. Segundo, informó que el 29 de agosto de 2021, el recurrido presentó un recurso administrativo ante el DCR, solicitó reconsideración y estando inconforme, no recurrió en revisión judicial ante esta Curia, conforme dispone el *Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional*, Reglamento Núm. 8583 de 4 de mayo de 2015 y la *Ley de procedimiento administrativo uniforme del Gobierno de Puerto Rico*,

---

[3] *Íd.*, págs. 15-17.
[4] *Íd.*, Anejo VIII, págs. 35-46.

3 LPRA secs. 9601 *et seq.* Razonó que dicha determinación era final, firme e inapelable. Por último, adujo que no se sostenía la acción personal contra el oficial Mercado Borrero porque estaba cobijado por la doctrina de inmunidad condicionada debido a que actuó en el ejercicio de sus funciones oficiales para mantener orden, control y bienestar en la población correccional y que, de mediar una actuación culposa o negligente, la realizó dentro del marco de sus funciones oficiales.

El 4 de mayo de 2023, el señor Madera González presentó su oposición, en la que esgrimió que la acción no estaba prescrita.[5] Señaló que, a causa de la demanda incoada contra el oficial Mercado Borrero, sufre persecución por parte de la oficialidad, lo que le produce daños psicológicos y necesidad de que recibir tratamiento.

Así las cosas, el 16 de octubre de 2023, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la desestimación solicitada por el Estado. Estableció que la acción no estaba prescrita dado que la *Demanda* se presentó el 17 de diciembre de 2021.[6]

Inconforme, el 24 de octubre de 2023, el Estado solicitó una reconsideración, en la que reiteró las defensas de prescripción, finalidad de los remedios administrativos e inmunidad condicionada del oficial Mercado Borrero.[7] Puntualizó que la demanda no se radicó hasta el 24 de octubre de 2022 cuando se anotó, se registró el caso en SUMAC y se le asignó el número de caso. Con el objetivo de sustentar su alegación, acompañó la Orden Administrativa 2018-02 del TPI sobre el *manejo de casos de naturaleza civil cuando las partes comparecen en forma pauperis.*[8] En respuesta, el 25 de octubre de 2023, el TPI declaró dicha comparecencia No Ha Lugar.[9]

---

[5] *Íd.*, Anejo X, págs. 49-51.
[6] *Íd.*, Anejo XII, págs. 54-55. Archivada y notificada en autos el 20 de octubre de 2023.
[7] *Íd.*, Anejo XIII, págs. 56-67.
[8] *Íd.*, págs. 66-67.
[9] *Íd.*, Anejo XIV, págs. 68-69. Archivada y notificada en autos el 27 de octubre de 2023.

En desacuerdo, el Estado acudió ante nos mediante este recurso de *certiorari* y le imputó al TPI el siguiente señalamiento de error:

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR EL ESTADO AL AMPARO DE LA REGLA 10.2(5) DE PROCEDIMIENTO CIVIL, AUN CUANDO DE LOS HECHOS ALEGADOS EN LA *DEMANDA* SE DESPRENDE QUE EL SEÑOR MADERA GONZÁLEZ NO TIENE DERECHO A REMEDIO ALGUNO CONTRA EL OFICIAL MERCADO BORRERO A LA LUZ DE LA DOCTRINA DE INMUNIDAD CONDICIONADA.

En síntesis, el peticionario sostiene que, en lo que respecta a la acción personal contra el oficial Mercado Borrero, la demanda no adujo derecho alguno que el señor Madera González pueda tener en contra del peticionario por la doctrina de inmunidad condicionada.

En vista del error imputado, procedemos a discutir las normas jurídicas aplicables a este recurso.

-III-

-A-

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I*, *supra*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de

la denegatoria de una moción de carácter dispositivo". *800 Ponce de León v. AIJ, supra.* Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

A tenor con estos criterios, como foro revisor, tenemos la obligación de obrar con discernimiento judicial en nuestra intervención para no interrumpir a destiempo el trámite ante el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 98. De esta forma, de no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

-B-

La Regla 10.2 de Procedimiento Civil, *supra*, 10.2, enumera los fundamentos por los que se permite la desestimación de una demanda como, entre otros, dejar de exponer una reclamación que justifique la concesión de un remedio. Al evaluar una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, el tribunal debe interpretar las alegaciones e la demanda, de la manera más liberal posible a favor de la parte demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428-429 (2008). En este sentido, "el tribunal tomará como ciertos

todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Íd.*, pág. 428; *Colón Gorbea v. Sánchez Hernández et al.*, 202 DPR 760, 765 (2019); *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994). Importante es que una demanda sólo debe tener una relación sucinta y sencilla de los hechos demostrativo de que la parte demandante tiene derecho a un remedio. Véase, Regla 6.1 de Procedimiento Civil, *supra*, R. 6.1. No obstante, en este ejercicio no se presumirán como ciertas las conclusiones legales ni los elementos de la causa de acción apoyados por aseveraciones conclusorias. R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Lexis Nexis, 2017, pág. 307.

Posteriormente, el tribunal debe determinar si, en base a los hechos bien alegados en la demanda, existe una reclamación plausible que justifique que la parte demandante tiene derecho a un remedio, a la luz de la experiencia y el sentido común. *Íd.* De no cumplir con el estándar de plausibilidad, "el tribunal debe desestimar la demanda y no permitir que una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba puedan probarse las alegaciones conclusorias". *Íd.*

Por ello, la demanda no debe desestimarse, excepto que se demuestre que la parte demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 429. Igualmente, la demanda no debe ser desestimada si es susceptible de ser enmendada. *Íd.*

-C-

Jurisprudencialmente se adoptó la doctrina de inmunidad condicionada de los funcionarios de la Rama Ejecutiva ante reclamaciones de responsabilidad civil que pudieran generar sus conductas en el desempeño de sus deberes oficiales. *Acevedo v. Srio. Servicios Sociales*, 112 DPR 256, 262 (1982). Por la inmunidad

condicionada ser una defensa afirmativa, la carga probatoria recae sobre el funcionario público que la levanta. *Íd.*, pág. 263.

La inmunidad condicionada es independiente de la inmunidad soberana del Estado. *Romero Arroyo v. ELA*, 127 DPR 724, 745 (1991). La inmunidad del Estado limita la responsabilidad civil de la entidad gubernamental, mientras que la inmunidad condicionada limita la responsabilidad personal de los funcionarios públicos por el daño causado en el descargo de sus deberes. *Íd.*

Esta doctrina aplica al funcionario público que ejerza deberes que contienen un elemento discrecional, de forma razonable y de buena fe. *De Paz Lisk v. Aponte Roque*, 124 DPR 472, 495 (1989). Ahora bien, dicha acción discrecional no puede violar derechos estatutarios ni constitucionales claramente establecidos, de los cuales una persona razonable tuviese conocimiento. *Harlow c. Fitzgerald*, 457 US 800, 818 (1982). La aplicación de la doctrina depende del alcance de la discreción del funcionario público, sus responsabilidades, la creencia de motivos fundados y buena fe, más la totalidad de las circunstancias. *Procunier v. Navarette*, 434 US 555, 561-562 (1978), *citando a Scheuer v. Rhodes*, 416 US 232, 247-248 (1683). El objetivo es que "actúen con libertad y tomen decisiones sin sentir presiones y amenazas contra sus patrimonios". *De Paz Lisk v. Aponte Roque, supra.* Por otro lado, no procede responsabilizar en su carácter personal al funcionario público que actuó conforme con las directrices oficiales. *Íd.*

Como es sabido, la inmunidad condicionada no es absoluta. Pues, el funcionario público responde si no actúa de buena fe o si, aun mediando la buena fe, procedió irrazonablemente o sabía que su conducta era ilegal. *Acevedo v. Srio. Servicios Sociales, supra.* En este aspecto, "[l]a razonabilidad de la actuación oficial constituye una cuestión de hecho a determinarse caso por caso". *Íd.* Sin embargo, la buena fe no es el único criterio que debe evaluarse, puesto que no se

pueden violar principios legales establecidos. *Íd.* Esta inmunidad no cubre actuaciones dolosas, fraudulentas, maliciosas o delictivas del funcionario en el ejercicio de sus funciones. *In re Colton Fontán*, 128 DPR 1, 8 (1991); *Romero Arroyo v. ELA*, *supra*, pág. 743.

Dado que la inmunidad condicionada protege al funcionario público de reclamaciones en su contra y evita las cargas de un litigio, el tribunal debe atender la determinación de su aplicación en una etapa temprana de los procedimientos judiciales. *Borello v. Allison*, 446 F.3d 742 (7th Cir. 2006); *Kelley v. Laforce*, 288 F.3d 1, 7 (1rt Cir. 2002); *Swain v. Spinney*, 117 F.3d 1, 10 (1st Cir. 1997). Empero, en ocasiones es imposible determinar la aplicación de la doctrina en una etapa temprana si existen hechos esenciales en controversia. *Kelley v. Laforce, supra*; *Swain v. Spinney, supra*. En tal circunstancia, sólo cuando los hechos estén establecidos, el tribunal puede determinar si la acción del funcionario público fue objetivamente razonable y así aplique la defensa afirmativa. *Íd.*

Respecto con la aplicación de la inmunidad condicionada de los oficiales correccionales, en la esfera federal se ha establecido que la persona confinada debe demostrar que tenía claramente establecido sus derechos. *Treats v. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002). Un derecho está claramente establecido si sus contornos son suficientemente claros para que el funcionario demandado esté razonablemente advertido sobre el tipo de acción que violaría los derechos de otros. *Taylor v. Barkes*, 575 US 822, 825 (2015); *Hope v. Pelzer*, 536 US 730, 739 (2002), *refiriéndose a Mitchell v. Forsyth*, 472 US 511, 535 (1985). Ahora bien, no quiere decir que la acción de un funcionario público está protegida por la inmunidad cualificada sólo porque no haya sido previamente considerada ilegal. *Íd.* Pues, responderá si, a la luz del derecho vigente, su acción es evidentemente ilegal. *Íd.* En tal eventualidad, es pertinente examinar las normas de conducta de los oficiales correccionales para

determinar si el oficial demandado violó derechos claramente establecidos de la persona confinada. *Treats v. Morgan, supra.*

-IV-

En el caso ante nuestra consideración, el Estado recurre ante una determinación del TPI en la que se declaró No Ha Lugar la *Moción solicitando desestimación*, apuntando que, al amparo de la doctrina de inmunidad condicionada, la *Demanda* dejó de exponer una reclamación que justifique la concesión de un remedio por parte del oficial Mercado Borrero.

De una lectura sosegada del expediente ante nuestra consideración, consideramos que le asiste la razón al peticionario. Incluso consideradas favorablemente las alegaciones a favor del demandante-recurrido, notamos que los alegados actos del oficial Mercado Borrero fueron cometidos como parte de sus funciones oficiales. Con relación al incidente del 25 de agosto de 2021, a la luz del Reglamento Núm. 9221 del DCR, el oficial Mercado Borrero tenía la facultad de presentar una querella contra el señor Madera González si tenía motivo fundado o conocimiento de que cometió alguna infracción a las normas o los reglamento del DCR. De igual forma, referente a los hechos del 29 de agosto de 2021, conforme a las propias alegaciones, no se derrotaría la inmunidad condicionada, incluso si consideráramos la posibilidad de la existencia de cierta negligencia en el ejercicio de los deberes del cargo ocupado por el peticionario. No podemos perder de perspectiva que el peticionario tiene entre sus funciones oficiales mantener el orden, así como la seguridad dentro de la institución correccional.

En consecuencia, expedimos el auto de *certiorari* y revocamos la determinación del TPI en declarar No Ha Lugar a la desestimación de la demanda en cuanto al carácter personal del peticionario.

-V-

Por los fundamentos que anteceden, expedimos el auto de *certiorari* y revocamos la determinación recurrida, ordenando la desestimación de la demanda en cuanto al oficial Mercado Borrero en su carácter personal.

Notifíquese a todas las partes. El DCR deberá entregar copia de la presente *Sentencia* al señor Madera González en cualquier institución correccional donde se encuentre.

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones